IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLENE GOODMAN,** | |
| **Plaintiff,** | |
| v. | **CIVIL ACTION NO.** 1:22cv164 HSO-RHWR |
| **SILVER SLIPPER CASINO VENTURE LLC, and FULL HOUSE RESORTS, INC.,** | |
| **Defendants.** | |

NOTICE OF REMOVAL OF
SILVER SLIPPER CASINO VENTURE, LLC AND FULL HOUSE RESORTS, INC.

Defendants, Silver Slipper Casino Venture, LLC and Full House Resorts, Inc., by and through undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, hereby file this Notice of Removal to this Honorable Court and state as follows:

PROCEDURAL BACKGROUND

1. Plaintiff Charlene Goodman filed a Complaint on May 31, 2022, against Silver Slipper and Full House Resorts in the Circuit Court of Hancock County, Mississippi.

2. In her Complaint, Plaintiff alleges that she suffered injuries on June 11, 2019, by slipping and falling on alleged food and drink in Silver Slipper's dining area.

3. Service to Silver Slipper and Full House was issued on May 31, 2022.

4. The documents attached hereto as "Exhibit A" constitute all of the process, pleadings, and orders served upon Silver Slipper and Full House in the state court action, and are submitted herewith pursuant to 28 U.S.C. § 1446. There are no other process, pleadings, or orders properly served upon Silver Slipper or Full House to date in connection with this case.

46534429 v1

5. Silver Slipper and Full House have not pled, answered, or otherwise appeared in the state court action.

6. Pursuant to 28 U.S.C. § 1446(b), Silver Slipper and Full House file this Notice of Removal within thirty (30) days of its receipt of the summons and Complaint.

7. All Defendants consent to the removal of this action.

## PARTIES

8. Plaintiff is a resident citizen of the State of Louisiana. (See Compl, Exh. A).

9. Silver Slipper Casino Venture, LLC is a single member limited liability company, wholly owned by Full House, Inc., a Delaware corporation with its principal place of business in Nevada. For purposes of diversity jurisdiction, Silver Slipper is a citizen of Nevada and Delaware. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("the citizenship of a LLC is determined by the citizenship of all of its members"); *see also* 28 U.S.C. § 1332(c)(1).

10. Full House Resorts, Inc. is a corporation incorporated in the State of Delaware with its principal place of business in the State of Nevada. Full House is a citizen of Nevada. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-3 (2010) (corporation's principal place of business is the place from which the corporation is controlled).

## JURISDICTION AND VENUE

11. This case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

12. This Court has subject matter jurisdiction over this controversy involving parties of diverse citizenship pursuant to 28 U.S.C. § 1332(a)(1). Complete diversity exists among the parties to this action: Goodman is a resident citizen of Louisiana, and Silver Slipper and Full House are citizens of Nevada and Delaware.

13.     In the *Fifth* Circuit, a defendant may prove the amount in controversy exceeds the jurisdictional threshold when the pleadings do not demand a specific amount. *Gebbia v. Wal-Mart Stores,* Inc., 233 F.3d 880, 882-83 (5th Cir. 2000).

14.     Here, the amount in controversy claimed by Plaintiff clearly exceeds $75,000, exclusive of interest and costs. While, at this stage, Defendant is not required to submit proof of the amount in controversy, based on the circumstances of the case, the preponderance of the evidence demonstrates an amount in controversy in excess of the jurisdictional amount. See 28 U.S.C. § 1446(a). In her Complaint, Plaintiff alleges "injuries to her mind and body, including but not limited to injuries to her knee, spine and right ankle." *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (holding that the district court did not err in concluding that the plaintiff's claim exceeded $75,000 based on the allegations in the complaint, which included "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization").

15.     Further, in her Complaint, Plaintiff makes the following allegations, which demonstrate that her claims exceed $75,000:

> The plaintiff suffered losses and special damages; all as will be shown at a trial of this cause. Plaintiff itemizes here damages as follows:
> 1. Past, present, and future pain and suffering;
> 2. Past, present, and future mental anguish;
> 3. Past, present, and future medical expenses;
> 4. Past, present, and future disabilities;
> 5. Loss of enjoyment of life;
> 6. Past, present, and future lost wages;
> 7. Loss of earning capacity;
> 8. Past, present, and future household services;
> 9. And all other items of general or special damages which may be established at the trial of this matter; and

> 10. To the extent applicable, penalties, interest, costs and attorney's fees.

(Compl. ¶ 10).

16. Additionally, Plaintiff's Complaint included a demand for punitive damages based on Silver Slipper's alleged "gross negligence." (*See* Compl).

17. The Mississippi Supreme Court continues to hold that there is no "hard and fast rule" for measuring the maximum award of punitive damages in a particular case. *See Sessums v. Northtown Limousines, Inc.*, 664 So.2d 164, 169 (Miss. 1995). In its decision in *Gentiva Certified Healthcare Corp. v. Rayborn*, 2016 WL 164322 (S.D. Miss. January 2013, 2016), this Court referenced a possible 6:1 ratio, concluding that $13,000 in possible compensatory damages – coupled with potential punitive award – was sufficient to meet the $75,000 threshold. *Id.*, at 2016 WL 164322 at *3 ("[a] potential $13,000.00 compensatory award is less than a 6 to 1 ratio, well within the 'single digit ratio' which the Supreme Court suggests complies with due process.") (citing *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)). The *Gentiva Certified Healthcare Corp.* court concluded by holding that it "cannot find to a legal certainty that the plaintiff's claim is really for less than the jurisdictional amount." *Id.*

18. Here, even if all of the alleged categories of damages discussed *supra* do not accumulate to more than $75,000 in damages, then these damages at least rise above the approximately $13,000 threshold amount relevant in a case involving punitive damages, such as this one.

19. Defendants deny any liability, and certainly do not believe Plaintiff is entitled to such an award. However, Defendants have demonstrated that the amount in controversy requirement is met. *See Dart Cherokee Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)("a defendant's notice of removal need include only a plausible allegation that the amount

in controversy exceeds the jurisdictional threshold"); *Esterling v. Glaxo Welcome, Inc.,* Civ. A. No. 3:03CV568LS, 2006 WL 1272680, at *1 (S.D. Miss. May 9, 2006) (defendant may establish requisite amount in controversy by demonstrating claims are likely above $75,000). From this, it is facially apparent from the Complaint that Plaintiff's claimed damages exceed $75,000, exclusive of interest and costs.

20. Finally, the Silver Slipper Casino Hotel, the location of the alleged injuries at issue in this cause, is located in Bay St. Louis, Mississippi. (See Compl. ¶ 3 ("This acause of action occurred or accrued in Hancock County, Mississippi.")).

21. Thus, a substantial part of the alleged events or omissions giving rise to the underlying claims occurred in this juridical district, making venue proper herein. 28 U.S.C. § 1391.

22. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal and a copy hereof have been served this day, June 30, 2022, upon Plaintiff, through her counsel of record, and upon the Clerk of the Circuit Court of Hancock County, Mississippi. Said notices are attached hereto as "Exhibit B."

## ADOPTION AND RESERVATION OF DEFENSES

23. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Silver Slipper or Full House's rights to assert any defense or affirmative matter, including, but not limited to, defenses available under Rule 12 of the FED. R. CIV. P., Rule 12 of the MISS.R.CIV.P., any state or federal statute, or otherwise.

24. Silver Slipper and Full House reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants Silver Slipper Casino Venture, LLC and Full House Resorts, Inc. file this Notice of Removal for the purpose of removing this action from the Circuit Court of

Hancock County, Mississippi to the United States District Court for the Southern District of Mississippi, Gulfport Division.

Done this the 30th day of June, 2022.

Respectfully submitted,

*s/ John M. Lassiter*
John P. Kavanagh, Jr.  (MSB No. 9499)
John M. Lassiter, Sr. (MSB No. 102235)
Catherine Simon Spann (MSB No. 105415)
*Attorneys for Defendants*
*Silver Slipper Casino Venture, LLC and Full House Resorts, Inc.*

OF COUNSEL:
Burr & Forman LLP
11 North Water Street, Suite 22200
Mobile, Alabama  36616
Post Office Box 2287
Mobile, Alabama 36652
Telephone: (251) 344-5151
Facsimile:  (251) 344-9696
Email:  jkavanagh@burr.com
         cspann@burr.com

and

Burr & Forman LLP
The Pinnacle at Jackson Place
190 E. Capital Street, Suite M-100
Jackson, Mississippi 39201
Telephone:  601-355-3434
Facsimile: 601-355-5150
Email:  jlassiter@burr.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 30, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following counsel for all parties, should they have appeared and, if they have not yet appeared, by e-mail directed to them:

Jeffrey L. Oakes
61025 Highway 1091
Slidell, Louisiana 70458
(985)643-2413
Jeffrey@bricejoneslaw.net
*Attorney for Plaintiff*


                                      *s/ John M. Lassiter*
                                      OF COUNSEL